IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIAN BEINLICK,<br><br>            Plaintiff,<br><br>     v.<br><br>ADAM PACE, et al.,<br><br>            Defendants. | No.  2:17-CV-0824-WBS-DMC<br><br>FINDINGS AND RECOMMENDATIONS |

        Plaintiff, who is proceeding with retained counsel, brings this civil action. Pending before the court is Defendants' motion for summary judgment, which is construed as a motion for summary adjudication, ECF No. 53, Plaintiff's opposition thereto, ECF No. 56, Defendants' reply, ECF No. 57, and supplemental briefs, ECF Nos. 59 and 60.  Defendants argue Plaintiff's claims are unexhausted as to four of the five defendants to this action – Smith, Lau, Smiley, and Pace.  Defendants concede Plaintiff's claims as against Defendant Pfile are exhausted.

        The Federal Rules of Civil Procedure provide for summary judgment or summary adjudication when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a).  The standard for summary judgment and summary adjudication is the same.  See Fed. R. Civ. P.

1

56(a), 56(c); see also Mora v. ChemTronics, 16 F. Supp. 2d. 1192, 1200 (S.D. Cal. 1998).  One of the principal purposes of Rule 56 is to dispose of factually unsupported claims or defenses.  See Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986).  Under summary judgment practice, the moving party

> . . . always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," which it believes demonstrate the absence of a genuine issue of material fact.

Id., at 323 (quoting former Fed. R. Civ. P. 56(c)); see also Fed. R. Civ. P. 56(c)(1).

If the moving party meets its initial responsibility, the burden then shifts to the opposing party to establish that a genuine issue as to any material fact actually does exist.  See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986).  In attempting to establish the existence of this factual dispute, the opposing party may not rely upon the allegations or denials of its pleadings but is required to tender evidence of specific facts in the form of affidavits, and/or admissible discovery material, in support of its contention that the dispute exists.  See Fed. R. Civ. P. 56(c)(1); see also Matsushita, 475 U.S. at 586 n.11.  The opposing party must demonstrate that the fact in contention is material, i.e., a fact that might affect the outcome of the suit under the governing law, Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir. 1987), and that the dispute is genuine, i.e., the evidence is such that a reasonable jury could return a verdict for the nonmoving party, Wool v. Tandem Computers, Inc., 818 F.2d 1433, 1436 (9th Cir. 1987).  To demonstrate that an issue is genuine, the opposing party "must do more than simply show that there is some metaphysical doubt as to the material   facts . . . .  Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'"  Matsushita, 475 U.S. at 587 (citation omitted).  It is sufficient that "the claimed factual dispute be shown to require a trier of fact to resolve the parties' differing versions of the truth at trial."  T.W. Elec. Serv., 809 F.2d at 631.

/ / /

/ / /

In resolving the summary judgment motion, the court examines the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any. See Fed. R. Civ. P. 56(c).  The evidence of the opposing party is to be believed, see Anderson, 477 U.S. at 255, and all reasonable inferences that may be drawn from the facts placed before the court must be drawn in favor of the opposing party, see Matsushita, 475 U.S. at 587.  Nevertheless, inferences are not drawn out of the air, and it is the opposing party's obligation to produce a factual predicate from which the inference may be drawn.  See Richards v. Nielsen Freight Lines, 602 F. Supp. 1224, 1244-45 (E.D. Cal. 1985), aff'd, 810 F.2d 898, 902 (9th Cir. 1987).  Ultimately, "[b]efore the evidence is left to the jury, there is a preliminary question for the judge, not whether there is literally no evidence, but whether there is any upon which a jury could properly proceed to find a verdict for the party producing it, upon whom the onus of proof is imposed."  Anderson, 477 U.S. at 251.

## I. PLAINTIFF'S ALLEGATIONS

This action proceeds on Plaintiff's original pro se complaint.  See ECF No. 1.  Plaintiff names the following as defendants, all of whom are alleged to have been medical providers at Mule Creek State Prison: (1) Adam Pace, M.D.; (2) Ashley Pfile, M.D.; (3) David Smiley, M.D.; (4) C. Smith, M.D.; and (5) Oliver Lau, M.D.  According to plaintiff, Defendants Pace and Pfile "refused to treat his irritable bowel syndrome with a medical [psyllium seed powder] that was effective despite their knowledge that the emdication [sic] was the only one effective in treating his condition."  ECF No. 1, pg. 5.  Plaintiff also contends Defendants Smiley, Smith, and Lau "denied him the medical when a physician prescribed the supplement [psyllium seed powder]."  Id.  Plaintiff claims Defendants' conduct violated his right under the Eighth Amendment to adequate medical care.

/ / /
/ / /
/ / /
/ / /

## II.  THE PARTIES' EVIDENCE

A.  **Defendants' Evidence**

Defendants' motion for summary judgment is supported by a separate statement of undisputed facts, see ECF No. 53-2, and the declaration of S. Gates, the current chief of the Health Care Correspondence and Appeals Branch (HCCAB) of the California Department of Corrections and Rehabilitation (CDCR), see ECF No. 53-3.  According to Defendants, the following facts are not in dispute:

> Background Facts
>
> 1. For medical (health care) appeals, the California Department of Corrections and Rehabilitation's (CDCR's) Health Care Correspondence and Appeals Branch (HCCAB) provides oversight of medical, dental, and mental health care appeals/grievances for adult inmates. The HCCAB receives, reviews, and maintains all health care appeals/grievances accepted for the final (headquarters) level of review in the inmate health care appeal/grievance process, and renders decisions on such appeals/grievances. (Gates Decl., ¶ 1, 3.)
>
> 2. All levels of health care appeals/grievances, including the institutional and headquarters level of review, are tracked through a computer database known as the Health Care Appeals and Risk Tracking System (HCARTS). HCARTS also tracks health care appeals/grievances that were received and ultimately rejected and the reason for the rejection. The HCARTS is kept as a regularly conducted activity, and the computer entries are made at or near the time of the occurrence by the employee who processes the health care appeal/grievance. (Gates Decl., ¶ 4.)
>
> 3. Plaintiff Brian Beinlick brings this action as a state prisoner. (Complaint, ECF No. 1 at 1.)
>
> 4. Beinlick alleges that while he was housed at Solano State Prison on February 27, 2013, Defendant Dr. Pfile denied his request to renew his prescription for psyllium seed powder, a medication that was necessary to effectively treat his Irritable Bowel Syndrome. (Complaint, ECF No. 1 at 5, 11.)
>
> 5. On April 28, 2013, Beinlick was transferred to Mule Creek State Prison (MCSP). (Complaint, ECF No. 1 at 11.)
>
> 6. Beinlick alleges that Defendant Drs. Smiley, Smith and Lau denied him psyllium seed powder after another doctor had prescribed it in July 2013. (Complaint, ECF No. 1 at 5, 12.)
>
> 7. Beinlick alleges that at times from 2014 to 2016, Defendant Dr. Pace denied him psyllium seed powder, instead prescribing him less effective Fibercon tablets and then Benefiber. (Complaint, ECF No. 1 at 5, 15-16, 27.)

Facts Related to Plaintiff's Inmate Appeals Resolved Prior to Filing Suit

8. Administrative appeal no. SOL HC 13037528 was received at the first level of review on March 6, 2013. In this appeal, Beinlick requested a copy of an appeal he had submitted approximately four years previously, regarding termination of a prescription for psyllium seed powder. This appeal was granted in a first level decision dated April 15, 2013. (Gates Decl., ¶ 10 and Ex. B.)

9. Appeal number SOL HC 13037467 was received at the first level of review on February 15, 2013. In this appeal, Beinlick requested renewal of a prescription for psyllium seed powder. No Defendants (or anyone else) are identified in the initial submission of the appeal. The appeal was partially granted in a decision dated March 27, 2013, in that Beinlick agreed to try other medication. The appeal was denied in a second level decision dated May 13, 2013. The appeal was denied in a third level decision dated September 30, 2013. (Gates Decl., ¶ 11 and Ex. C.)

10. Appeal no. SOL HC 13037664 was received at the first level of review on April 10, 2013. In this appeal, Beinlick requested, among other things, return of his appeal no. SOL HC 13037467. This appeal was rejected in a notification sent to Bienlick on April 15, 2013, because it concerned an anticipated action, contained excessive verbiage, and was duplicative of issues raised in appeal no. SOL HC 13037467. There were no further submissions of this appeal. (Gates Decl., ¶ 12 and Ex. D.)

11. Appeal number MCSP HC 13043650 was received at the first level of review on May 28, 2013. In this appeal Beinlick requested the pain medication Tramadol. The appeal was denied in a third level decision dated February 5, 2014. (Gates Decl., ¶ 13 and Ex. E.)

12. Appeal number MCSP HC 13043736 was received at the first level of review on June 18, 2013. In this appeal Beinlick requested psyllium seed powder and referral to a specialist physician in treatment for his Irritable Bowel Syndrome. The appeal was denied in a first level decision dated July 29, 2013. The appeal was denied in a second level decision dated September 9, 2013. The appeal was denied in a third level decision dated March 18, 2014. (Gates Decl., ¶ 14 and Ex. F.)

13. Appeal number SOL HC 16041900 was received at the first level of review on October 20, 2016. In this appeal Beinlick requested monetary compensation for being denied psyllium seed powder to treat his gastrointestinal disease. The appeal was denied in an institutional level decision, and then was denied in a Director's level (final level) decision dated January 30, 2017. (Gates Decl., ¶ 15 and Ex. G.)

14. Appeal number MCSP HC 16049620 was received at the first level of review on October 7, 2016. In this appeal Beinlick requested monetary compensation for being denied psyllium seed powder to treat his gastrointestinal disease. The appeal was denied in a first level decision dated November 16, 2016. The appeal was denied in a second level decision dated January 11, 2017. The appeal was denied in a third level decision dated April 27, 2017. (Gates Decl., ¶ 16 and Ex. H.)

15. The Complaint in this case was filed on April 19, 2017. (ECF No. 1)

16. From February 2013 through April 19, 2017, no other appeals were received from Beinlick by the HCCAB.

See ECF No. 53-2.

Provided with the Gates declaration are the following exhibits:

| | | |
|---|---|---|
| Exhibit A | | Appeal history listing all health care appeal received from Plaintiff between February 2013 and April 2017. See ECF No. 53-3, pgs. 6-13. |
| Exhibit B | | Copy of appeal no. SOL-HC-13037528, received at the first level on March 6, 2013, and granted at the first level on April 15, 2013. See id. at 14-30. |
| Exhibit C | | Copy of appeal no. SOL-HC-13037467, received at the first level on February 15, 2013, partially granted at the first level on March 27, 2013, and denied at the second and third levels on May 13, 2013, and September 30, 2013, respectively. See id. at 31-55. |
| Exhibit D | | Copy of appeal no. SOL-HC-13037664, received at the first level on April 10, 2013, and rejected as duplicative of appeal no. SOL-HC-13037467 on April 15, 2013. See id. at 56-66. |
| Exhibit E | | Copy of appeal no. MCSP-HC-13043650, received at the first level on May 28, 2013, and denied at the third level on February 5, 2014. See id. at 67-89. |
| Exhibit F | | Copy of appeal no. MCSP-HC-1303736, received at the first level on June 18, 2013, and denied at the second and third levels on September 9, 2013, and March 18, 2014, respectively. See id. at 90-133. |
| Exhibit G | | Copy of appeal no. SOL-HC-16041990, received at the first level on October 20, 2016, and denied at the third level on January 30, 2017. See id. at 134-159. |
| Exhibit H | | Copy of appeal no. MCSP-HC-16049620, received at the first level on October 7, 2016, and denied at the first level on November 16, 2016, the second level on January 11, 2017, and the third level on April 27, 2017. See id. at 160-188. |

///
///
///
///

6

**B.     Plaintiff's Evidence**

With his opposition, Plaintiff filed a response to Defendants' statement of undisputed facts, see ECF No. 56-1, and the declaration of Plaintiff's counsel, Chijioke Ikonte, Esq., see ECF No. 56-2. In his response to Defendants' statement of undisputed facts, Plaintiff admits that all facts outlined by Defendants – except fact no. 6 – are undisputed. See ECF No. 56-1. In their reply brief, Defendants state fact no. 6 – which is merely a statement of Plaintiff's allegations – can be disregarded and is not necessary to resolution of their motion. See ECF No. 57, pg. 2, n.3.

With his declaration, Plaintiff's counsel submits Exhibits 1 through 3, which he states are identical to Defendants' Exhibits F through H. See ECF No. 56-2.

### III. DISCUSSION

Defendants argue Plaintiff failed to exhaust his claims as to Smith, Lau, Smiley, and Pace. See ECF No. 53-1, pgs. 7-10. Defendants concede Plaintiff has exhausted his claim as to Defendant Pfile. See id. at 7, 11.

Under the Prison Litigation Reform Act (PLRA), prisoners seeking relief under § 1983 must exhaust all available administrative remedies prior to bringing suit. See 42 U.S.C. § 1997e(a). This requirement is mandatory regardless of the relief sought. See Booth v. Churner, 532 U.S. 731, 741 (2001) (overruling Rumbles v. Hill, 182 F.3d 1064 (9th Cir. 1999)). Because exhaustion must precede the filing of the complaint, compliance with § 1997e(a) is not achieved by exhausting administrative remedies while the lawsuit is pending. See McKinney v. Carey, 311 F.3d 1198, 1199 (9th Cir. 2002). The Supreme Court addressed the exhaustion requirement in Jones v. Bock, 549 U.S. 199 (2007), and held: (1) prisoners are not required to specially plead or demonstrate exhaustion in the complaint because lack of exhaustion is an affirmative defense which must be pleaded and proved by the defendants; (2) an individual named as a defendant does not necessarily need to be named in the grievance process for exhaustion to be considered adequate because the applicable procedural rules that a prisoner must follow are defined by the particular grievance process, not by the PLRA; and (3) the PLRA does not require dismissal of

1   the entire complaint if only some, but not all, claims are unexhausted. The defendant bears
2   burden of showing non-exhaustion in first instance. See Albino v. Baca, 697 F.3d 1023 (9th Cir.
3   2012). If met, the plaintiff bears the burden of showing that the grievance process was not
4   available, for example because it was thwarted. See id.

5   The Supreme Court held in Woodford v. Ngo that, in order to exhaust
6   administrative remedies, the prisoner must comply with all of the prison system's procedural
7   rules so that the agency addresses the issues on the merits. 548 U.S. 81, 89-96 (2006). Thus,
8   exhaustion requires compliance with "deadlines and other critical procedural rules." Id. at 90.
9   Partial compliance is not enough. See id. Substantively, the prisoner must submit a grievance
10  which affords prison officials a full and fair opportunity to address the prisoner's claims. See id.
11  at 90, 93. The Supreme Court noted that one of the results of proper exhaustion is to reduce the
12  quantity of prisoner suits "because some prisoners are successful in the administrative process,
13  and others are persuaded by the proceedings not to file an action in federal court." Id. at 94.

14  A prison inmate in California satisfies the administrative exhaustion requirement
15  by following the procedures set forth in §§ 3084.1-3084.8 of Title 15 of the California Code of
16  Regulations. In California, inmates "may appeal any policy, decision, action, condition, or
17  omission by the department or its staff that the inmate . . . can demonstrate as having a material
18  adverse effect upon his or her health, safety, or welfare." Cal. Code Regs. tit. 15, § 3084.1(a)
19  (2016). Under the regulations in effect during the timeframe relevant to this case, the inmate was
20  required to submit their appeal on the proper form, and was required to identify the staff
21  member(s) involved as well as describing their involvement in the issue. See Cal. Code Regs. tit.
22  15, § 3084.2(a) (2016). The regulations required the prisoner to proceed through three levels of
23  appeal. See Cal. Code Regs. tit. 15, §§ 3084.1(b), 3084.2, 3084.7 (2016). A decision at the third
24  formal level, which is also referred to as the director's level, is not appealable and concludes a
25  prisoner's departmental administrative remedy. See id.
26  ///
27  ///
28  ///

The undisputed evidence in this case shows that Plaintiff filed seven prison grievances related to health care between February 2013 and April 2017, which is when Plaintiff initiated this action. See ECF No. 53-3, pgs. 6-13 (Exhibit A). These appeals are as follows:

| | |
|---|---|
| Appeal No. SOL-HC-13037528 | Received at the first level on March 6, 2013, and granted at the first level on April 15, 2013. See id. at 14-30 (Exhibit B). |
| Appeal No. SOL-HC-13037467 | Received at the first level on February 15, 2013, partially granted at the first level on March 27, 2013, and denied at the second and third levels on May 13, 2013, and September 30, 2013, respectively. See id. at 31-55 (Exhibit C). |
| Appeal No. SOL-HC-13037664 | Received at the first level on April 10, 2013, and rejected as duplicative of appeal no. SOL-HC-13037467 on April 15, 2013. See id. at 56-66 (Exhibit D). |
| Appeal No. MCSP-HC-13043650 | Received at the first level on May 28, 2013, and denied at the third level on February 5, 2014. See id. at 67-89 (Exhibit E). |
| Appeal No. MCSP-HC-1303736 | Received at the first level on June 18, 2013, and denied at the second and third levels on September 9, 2013, and March 18, 2014, respectively. See id. at 90-133 (Exhibit F). |
| Appeal No. SOL-HC-16041990 | Received at the first level on October 20, 2016, and denied at the third level on January 30, 2017. See id. at 134-159 (Exhibit G). |
| Appeal No. MCSP-HC-16049620 | Received at the first level on October 7, 2016, and denied at the first level on November 16, 2016, the second level on January 11, 2017, and the third level on April 27, 2017. See id. at 160-188 (Exhibit H). |

Defendants contend the only appeal that could have exhausted Plaintiff's claims in this case is appeal no. SOL-HC-16041900, and then only as to Defendant Pfile. See ECF No. 53-1, pg. 7. In his opposition, Plaintiff primarily cites Reyes v. Smith, 810 F.3d 654, 658 (9th Cir. 2016), and contends the "name the defendant rule" is waived when the merits of the grievance are addressed notwithstanding the procedural defect. See ECF No. 56, pg. 4. In this regard, Plaintiff discusses appeal nos. MCSP-HC-13043736 and SOL-HC-16041900. See id. at 4-6. Plaintiff also argues that appeal no. MCSP-HC-1604962 exhausted his claims because it was denied as

9

1  duplicative of appeal no. SOL-HC-16041900. See id. at 6.

2  As to the four appeals not discussed by the parties – none of which are asserted to
3  have exhausted Plaintiff's claims – the Court agrees with Defendants' arguments, which Plaintiff
4  does not oppose. Specifically, the undisputed evidence shows that appeal no. SOL-HC-13037528
5  did not exhaust as to any defendant in this case because the grievance merely requested a copy of
6  a grievance Plaintiff had filed years earlier. See Exhibit B. The undisputed evidence further
7  reveals that appeal no. SOL-HC-13037467 did not exhaust Plaintiff's claims because it was filed
8  and resolved before the events alleged in the complaint and, thus, could not have related to the
9  subject of this action. See Exhibit C. The undisputed evidence also shows that appeal no. SOL-
10 HC-13037664 failed to exhaust because: (1) it was received before Plaintiff was transferred to
11 Mule Creek State Prison, which is where the events alleged in the complaint occurred; (2) the
12 grievance did not address the claims raised in the complaint; and (3) Plaintiff did not re-submit
13 the appeal after it was rejected. See Exhibit D. Finally as to the four grievances not discussed by
14 the parties, the undisputed evidence shows that appeal no. MCSP-HC-13043650 did not exhaust
15 Plaintiff's administrative remedies because it was related to a request for Tramadol, not the
16 supplement at issue in this case, psyllium seed powder.

17  The following three appeals are at issue in this case: (1) Appeal No. MCSP-HC-
18 13043736; (2) Appeal No. SOL-HC-16041900; and (3) Appeal No. MCSP-HC-16049620. Each
19 is discussed below.

20  **A.**   **Appeal No. MCSP-HC-13043736**

21  As to appeal no. MCSP-HC-13043736, Plaintiff argues:

22  Beinlick submitted appeal no. [MCSP] HC 13043736 on June 16,
    2013. (Ikonte Decl. Page 6) In a letter dated March 18, 2014, Beinlick was
23  notified that his appeal was denied and that the decision exhausted his
    administrative remedies. (Ikonte Decl. Pages 4 – 5) The appeal was decided
24  on its merits after review of his appeal file and documents obtained from
    Beinlick's Unit Health Record. The conclusion was that after "review, no
25  intervention at the Director's Level of Review is necessary as your medical
    condition has been evaluated and you are receiving treatment deemed
26  medically necessary." *Id.*
    Beinlick did not name any of the defendants but identified the dates
27  that he sought service for his irritable bowel syndrome. (Ikonte Decl. Pages 4
    – 15) Also, a review of the medical records will put them on notice as to the
28  appropriate response and the officials that were responsible. *Id.* Thus, the

10

>appeal exhausts the administrative remedies as to these defendants. *Id.* The response to the first level appeal is in accord. Also, response to the second level appeal is in accord. *Id.*

ECF No. 56, pgs. 4-5.

Documents related to appeal no. MCSP-HC-13043736 are provided as Defendants' Exhibit F. See ECF No. 53-3, pgs. 90-133. As Plaintiff concedes, he did not name any of the defendants in this grievance. See id. Plaintiff's citation to Reyes is unpersuasive as that case is distinguishable on the facts. In Reyes, the inmate filed a grievance alleging deliberate indifference to his medical needs. See 810 F.3d at 656. While the grievance did not name the defendants named in the inmate's complaint, it did name the prison's Pain Management Committee, of which the defendants named in the complaint were members. See id. Under these circumstances, the Ninth Circuit concluded the inmate's grievance fairly exhausted his administrative remedies even though it did not specifically name the defendants named in the lawsuit. See id. at 659. Here, it is undisputed that appeal no. MCSP-HC-13043736 did not name any of the defendants to Plaintiff's lawsuit, either directly or tangentially by referring to a committee on which Defendants served.

Plaintiff also cites the Eleventh Circuit's decision in Pazrzyck v. Prison Health Services, Inc., 627 F.3d 1215 (11th Cir. 2010). In that case, the court noted that the PLRA requires inmates to comply with the state's regulations regarding prison grievances. See id. at 1219. The case involved a Florida inmate and the court noted that the inmate's grievance exhausted his administrative remedies even though it did not name the defendants to the lawsuit because Florida prison regulations to not require the defendants to be named in the grievance. See id. Here, unlike Florida, California's regulations require defendants to be named. See Cal. Code Regs. tit. 15, § 3084.2(a).

Plaintiff's reliance on Montanez v. Gonzalez, 2012 WL 5208639, *3 (E. Dist. Cal. 2012), is also misplaced. That case was decided before the Title 15 regulations were amended to require the inmate to specifically name responsible staff members. See id.

///

///

11

Because appeal no. MCSP-HC-13043736 does not name any of the defendants to this action, it could not have exhausted Plaintiff's administrative remedies. See Avery v. Paramo, 2015 WL 4923820 at *11 (S. Dist. Cal. 2015) (granting summary judgment in favor of defendants not named in the prisoner's grievance); see also Jones, 549 U.S. at 218.

### B. Appeal No. SOL-HC-16041900

This particular grievance is at the heart of Defendants' motion. According to Defendants:

> Of the administrative appeals Beinlick submitted, only appeal no. SOL HC 16041900 served to exhaust remedies for claims in this case, and only for his claims against Defendant Dr. Pfile. In this appeal Beinlick requested monetary compensation for being improperly medically treated because he had been denied psyllium seed powder, and the appeal was denied at the final level of review on January 30, 2017. (DUF 13.) The appeal exhausted for Beinlick's claims against Dr. Pfile because it specifically names Dr. Pfile (and two other non-defendants) as the persons responsible for his improper care. (*See* Gates Decl., Ex. G at pages 004 and 006.) (footnote omitted).
>
> However, the appeal does not name or identify Defendants Smith, Lau, Smiley or Pace. (*Id*.). . . . In particular, under the Title 15 regulations, inmates are required to "describe the specific issue under appeal and the relief requested" and to "list all staff member(s) involved and describe their involvement in the issue." Cal. Code Regs. tit. 15, § 3084.2(a) and (a)(3). Because the appeal did not name Defendants other than Dr. Pfile, and because the appeal states that Dr. Pfile and two other doctors (and no one else) were responsible for the improper care, the appeal did not alert the prison to any problem concerning actions by Defendants Smith, Lau, Smiley or Pace. Correspondingly, the appeal did not provide an opportunity to facilitate a resolution of any claim Beinlick had against these Defendants. Thus, the appeal did not exhaust remedies as against Defendants Smith, Lau, Smiley or Pace.

ECF No. 53-1, pgs. 7-8.

As to appeal no. SOL-HC-16041900, Plaintiff asserts:

> Beinlick submitted appeal no. HC SOL 16041900 on October 6, 2016. In the appeal, he attached the Order on the Writ of Habeas Corpus by the Amador Superior Court. (SUF 20) In the body of the appeal, he named defendant Pfile but failed to name the other defendants. (Ikonte Decl. Pages 48 – 70) The Order described in detail the role of defendant Pace in the claim. *Id.* Also, in its institutional level response the appeal and attachments, the electronic Unit Health Records, the Department Operations Manual, Inmate Medical Services Policy and Procedures, and applicable sections of Title 15 of the California Code of Regulations were reviewed. At the director level, these records were reviewed and a decision made on the merit. *Id.*

///

> The appeal process exhausted the remedies as to defendant Pace and the other defendants. The attachments to the appeal are part of the appeal. *See California Code of Regulations* Title 15 §§ 3084(h), 3084.2(b)(1), 3084.3. The form 602-HC used for the appeal does not specify in what manner and place that the names of the defendants shall be specified. *Id.* In attaching the Order, Beinlick exhausted his administrative remedies as to defendant Pace, who was named in the Order granting the Writ of Habeas Corpus. Pace was sufficiently identified in the Order so as to place him on notice as to Beinlick's claim against him. . . .
> The appeal was determined on its merits and the third level decision exhausted administrative remedies under PLRA for all the defendants that were named in the lawsuit.

ECF No. 56, pgs. 5-6.

Documents related to appeal no. SOL-HC-16041900 are provided as Defendants' Exhibit G. See ECF No. 53-3, pgs. 134-159. As Plaintiff concedes, of the defendants named in this lawsuit, only Defendant Pfile is named in the grievance. See id. at 140. Plaintiff contends that an attached order from the Amador County Superior Court granting habeas relief sufficiently names the defendants and, because it was attached to the grievance, it is part of the grievance. See ECF No. 56, pgs. 5-6. The Court does not agree. Defendant Pace is referenced in the state court's habeas decision, see ECF No. 53-3, pg. 150, but only in the context of background information and not in the context of Plaintiff's substantive claims. As Defendants note in their reply brief, there is no indication in the state court's habeas opinion that Dr. Pace provided care, denied care, or was involved in the issue which is the subject of Plaintiff's complaint.

Because appeal no. SOL-HC-16041900 does not name Defendants Smiley, Lau, Pace, or Smith, it did not exhaust Plaintiff's administrative remedies as to such defendants. See Avery, 2015 WL 4923820 at *11; see also Jones, 549 U.S. at 218.

C. **Appeal No. MCSP-HC-16049620**

This appeal is at the heart of Plaintiff's argument. According to Plaintiff:

> . . .[D]ismissing an appeal as duplicative implies that the prisoner exhausted his remedies in the earlier grievance. *See Taylor v. Hubbard* 2013 WL 4776504, *7 (E.D. Cal. 9/4/13) (stating "that Plaintiff's appeal was duplicative of another case in litigation suggests that Plaintiff likely exhausted his administrative remedies") *report and recommendation adopted*, 2014 WL 1232209 (E.D. Cal. 3/24/14); *Meredith v. Overley* 2013 WL 3288546, *3 (E.D. Cal. 6/28/2013)(holding that the prison's claim that the second grievance was duplicative must mean that the first grievance, which was decided at the highest level, exhausted), *reports and*

13

> *recommendation adopted,* 2013 WL 4459634 (E.D. Cal. 8/16/13); *Taylor v. Higgins,* 2009 WL 224953, *3 (N.D. Cal. 1/29/09)(holding dismissal as duplicative of a grievance naming a new defendant implied claim had been exhausted in an earlier grievance)
>
> The director level decision in appeal no. [MCSP] HC 16049620 found that it was duplicative of SOL HC 16041900 for the issues regarding psyllium seed fiber and was terminated on that basis. (Ikonte Decl. Page 74). . . .
>
> Id. at 6-7.

Documents related to appeal no. MCSP-HC-16049620 are provided as Defendants' Exhibit H. See ECF No. 53-3, pgs. 160-188. As Defendants concede, this grievance named Smith, Pace, and Smiley. See id. at 165. This grievance was resolved at the final level as follows: "Your issues regarding psyllium seed fiber being terminated will not be addressed herein as this is a duplicate issue to that in health care appeal log number SOL HC 16041900, for which you received a Director's Level Review [third level] decision on January 30, 2017, exhausting your administrative remedies." Id. at 161.

The various district court cases cited by Plaintiff are unavailing because the duplicative grievances considered in each case were submitted by the inmate and screened out by the prison as duplicative prior to the inmate filing suit. For example, the court in Taylor v. Higgins concluded a duplicative appeal filed and decided prior to the inmate filing his court action sufficed to exhaust because "[o]nce prison officials determined that [the inmate's] many allegations were covered by the earlier inmate appeal, plaintiff had done all that he could to give prison officials a chance to address his problems via the inmate appeals process." 2009 WL 224953 at *3. Here, the determination that appeal no. MCSP-HC-16049620 was duplicative came on April 27, 2017, after Plaintiff initiated this action on April 19, 2017, thus depriving the prison of any chance to address Plaintiff's claim as against Defendants Smith, Lau, Smiley, and Pace before Plaintiff filed suit.

/ / /

/ / /

/ / /

/ / /

## IV.  CONCLUSION

Based on the foregoing, the undersigned recommends that:

1. Defendants' motion for summary judgment, which is construed as a motion for summary adjudication, ECF No. 53, be granted;

2. Defendants to Smith, Lau, Smiley, and Pace be dismissed for failure to exhaust administrative remedies prior to filing suit; and

3. This action proceed on Plaintiff's original pro se complaint as against Defendant Pfile only.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days after being served with these findings and recommendations, any party may file written objections with the court.  Responses to objections shall be filed within 14 days after service of objections.  Failure to file objections within the specified time may waive the right to appeal.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  January 4, 2022

DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE

15