1

2

3

4

5

6

7

**IN THE UNITED STATES DISTRICT COURT**

8

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

9

10

BRIAN BEINLICK.,

No.  2:17-CV-0824-WBS-DMC

11

Plaintiff,

12

v.

FINDINGS AND RECOMMENDATIONS

13

ADAM PACE, et al.,

14

Defendants.

15

16          Plaintiff, who is proceeding with retained counsel, brings this civil action. Pending

17   before the Court is Defendant Mulligan-Pfile's unopposed motion for summary judgment. See

18   ECF No. 75.

19          Plaintiff claims that Defendant was deliberately indifferent to his serious medical

20   needs when she prescribed him fiber tables, sodium docusate, and lactulose instead of psyllium

21   seed powder to treat his irritable bowel syndrome ("IBS") symptoms. See ECF No. 1, pg. 5, 11.

22   Defendant filed a motion for summary judgment, arguing: (1) she cannot be held liable as an

23   administrative reviewer; (2) she was not deliberately indifferent to Plaintiff's medical needs; and

24   (3) she is entitled to qualified immunity. See ECF No. 75. For the reasons discussed below, the

25   undersigned finds no genuine dispute as to any material facts and recommends that Defendant's

26   motion for summary judgment be granted.

27   / / /

28   / / /

1

1    The Federal Rules of Civil Procedure provide for summary judgment or summary

2    adjudication when "the pleadings, depositions, answers to interrogatories, and admissions on file,

3    together with affidavits, if any, show that there is no genuine issue as to any material fact and that

4    the moving party is entitled to a judgment as a matter of law."  Fed. R. Civ. P. 56(a).  The

5    standard for summary judgment and summary adjudication is the same.  See Fed. R. Civ. P.

6    56(a), 56(c); see also Mora v. ChemTronics, 16 F. Supp. 2d. 1192, 1200 (S.D. Cal. 1998).  One of

7    the principal purposes of Rule 56 is to dispose of factually unsupported claims or defenses.  See

8    Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986).  Under summary judgment practice, the

9    moving party

10
11   . . . always bears the initial responsibility of informing the district court of
     the basis for its motion, and identifying those portions of "the pleadings,
     depositions, answers to interrogatories, and admissions on file, together
     with the affidavits, if any," which it believes demonstrate the absence of a
12   genuine issue of material fact.

13   Id., at 323 (quoting former Fed. R. Civ. P. 56(c)); see also Fed. R. Civ. P. 56(c)(1).

14   If the moving party meets its initial responsibility, the burden then shifts to the

15   opposing party to establish that a genuine issue as to any material fact actually does exist.  See

16   Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986).  In attempting to

17   establish the existence of this factual dispute, the opposing party may not rely upon the

18   allegations or denials of its pleadings but is required to tender evidence of specific facts in the

19   form of affidavits, and/or admissible discovery material, in support of its contention that the

20   dispute exists.  See Fed. R. Civ. P. 56(c)(1); see also Matsushita, 475 U.S. at 586 n.11.  The

21   opposing party must demonstrate that the fact in contention is material, i.e., a fact that might

22   affect the outcome of the suit under the governing law, Anderson v. Liberty Lobby, Inc., 477 U.S.

23   242, 248 (1986); T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th

24   Cir. 1987), and that the dispute is genuine, i.e., the evidence is such that a reasonable jury could

25   return a verdict for the nonmoving party, Wool v. Tandem Computers, Inc., 818 F.2d 1433, 1436

26   (9th Cir. 1987).  To demonstrate that an issue is genuine, the opposing party "must do more than

27   simply show that there is some metaphysical doubt as to the material facts . . . .  Where the record

28   taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no

1 | 'genuine issue for trial.'" Matsushita, 475 U.S. at 587 (citation omitted).  It is sufficient that "the

2 | claimed factual dispute be shown to require a trier of fact to resolve the parties' differing versions

3 | of the truth at trial." T.W. Elec. Serv., 809 F.2d at 631.

4 | In resolving the summary judgment motion, the court examines the pleadings,

5 | depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any.

6 | See Fed. R. Civ. P. 56(c).  The evidence of the opposing party is to be believed, see Anderson,

7 | 477 U.S. at 255, and all reasonable inferences that may be drawn from the facts placed before the

8 | court must be drawn in favor of the opposing party, see Matsushita, 475 U.S. at 587.

9 | Nevertheless, inferences are not drawn out of the air, and it is the opposing party's obligation to

10 | produce a factual predicate from which the inference may be drawn.  See Richards v. Nielsen

11 | Freight Lines, 602 F. Supp. 1224, 1244-45 (E.D. Cal. 1985), aff'd, 810 F.2d 898, 902 (9th Cir.

12 | 1987).  Ultimately, "[b]efore the evidence is left to the jury, there is a preliminary question for the

13 | judge, not whether there is literally no evidence, but whether there is any upon which a jury could

14 | properly proceed to find a verdict for the party producing it, upon whom the onus of proof is

15 | imposed." Anderson, 477 U.S. at 251.

16 |

17 | **I. BACKGROUND**

18 | **A.**     **Procedural History**

19 | Plaintiff Brian Beinlick ("Plaintiff"), a state prisoner, initiated this action by filing

20 | a pro se civil rights complaint under 42 U.S.C. § 1983 on April 19, 2017. See ECF No. 1. In his

21 | original complaint, Plaintiff alleges that the conduct of five physician defendants violated his

22 | right to adequate medical care under the Eighth Amendment. See generally id. On January 5,

23 | 2022, the Court issued findings and recommendations that summary judgment be granted as to

24 | four of the named Defendants based upon the Plaintiff's failure to exhaust administrative

25 | remedies. See ECF No. 61. The Court recommended that the action proceed on Plaintiff's original

26 | complaint against Defendant Mulligan-Pfile ("Defendant"). See ECF No. 61. The District Judge

27 | adopted the January 5, 2022, findings and recommendations on February 15, 2022. See ECF No.

28 | 66. On February 28, 2022, Defendant filed the pending motion for summary judgment. See ECF

1 No. 75. Plaintiff did not file an opposition to Defendant's motion.

2       **B.**      <u>**Plaintiff's Allegations**</u>

3       Plaintiff alleges that he was diagnosed with irritable bowel syndrome ("IBS") in

4 1996 and prescribed psyllium seed powder by a gastroenterologist to manage and prevent his

5 symptoms. <u>See</u> ECF No. 1, pg. 9. On February 22, 2013, Plaintiff alleges that the CDCR refused

6 to refill his prescription for psyllium seed power. <u>See id.</u>, pg. 10. According to Plaintiff, on

7 February 27th, 2013, Defendant Mulligan-Pfile reviewed Plaintiff's administrative grievance and

8 denied his prescription for psyllium powder, instead prescribing sodium docusate, lactulose, and

9 fiber pills to manage his symptoms. <u>See id.</u> According to Plaintiff, Defendant Mulligan-Pfile

10 "refused to treat his irritable bowel syndrome with a medical that was effective despite their

11 knowledge that the emdication [sic] was the only one effective in treating his condition." <u>Id.</u>

12 Plaintiff claims Defendant's conduct violated his right to adequate medical care under the Eighth

13 Amendment. <u>See id.</u>, pg. 5.

14

15                         **II. THE PARTIES' EVIDENCE**

16       Defendant's unopposed motion for summary judgment is supported by a statement

17 of Defendant's Undisputed Facts ("DUF"), and the declarations of Defendant Mulligan-Pfile,

18 Luke Bi, M.D., and James Mathison. <u>See</u> ECF Nos. 75-2, 75-3, 75-4, 75-5. Defendant also relies

19 on the following exhibits: Exhibit 1, an excerpt from the deposition of Plaintiff Brian Beinlick;

20 Exhibit 2, a copy of Plaintiff Brian Beinlick's Strategic Offender Management System ("SOMS")

21 inmate records; and Exhibit 3, a printed copy of the Declaration of S. Gates with Exhibit C.  <u>See</u>

22 ECF No. 75-3.

23       Plaintiff has not filed an opposition to Defendant's motion, nor does he otherwise

24 dispute any of Defendant's evidence.  The docket reflects no filings by Plaintiff after Defendant's

25 motion for summary judgment was filed.

26 / / /

27 / / /

28 / / /

                         4

1    Given that Defendant's motion is unopposed, the facts asserted by Defendant are

2    necessarily undisputed and the Court accepts Defendant's summary of the relevant facts as

3    follows:

4        Defendant Dr. Mulligan-Pfile has been a state licensed and board-
         certified physician since 2008. (Defendant's Undisputed Fact (DUF) 1.)
5        From 2009 to 2015, Defendant worked as a physician at CSP-SOL. (DUF
         2.) On February 15, 2013, Defendant was assigned to conduct the first
6        level institutional review of Plaintiff's inmate health care appeal no. SOL
         HC 13037467. In this appeal, Plaintiff requested renewal of a prescription
7        for psyllium seed powder. (DUF 3.) As part of her assignment as the
         appeal reviewer, Defendant carefully reviewed Plaintiff's medical file,
8        interviewed Plaintiff regarding the appeal on February 27, 2013, and
         issued the first level institutional response to the appeal on March 27,
9        2013. (DUF 4.)
             At the time Defendant reviewed Plaintiff's health care appeal,
10       psyllium seed powder was a non-formulary medication, and as such the
         prison's health care policies called for an inmate/patient to have tried
11       formulary alternative medications, and have had these effectively fail
         before the inmate/patient was prescribed non-formulary medication. (DUF
12       5.) Docusate Sodium Caplets, Fiber Tablets and Lactulose were formulary
         medications, which in Defendant's medical opinion may be effective
13       medications in treating symptoms of constipation and IBS, such as those
         Plaintiff was experiencing. (DUF 6.) It was Defendant's medical opinion
14       that a course of treatment for Mr. Beinlick to try these medications to
         manage his symptoms was reasonable and appropriate medical care. (DUF
15       7.) Based on Defendant's review of Plaintiff's medical file as the reviewer
         of his inmate health care appeal, Defendant concluded that Plaintiff had
16       not undergone a course of treatment utilizing these medications and with
         them having failed in effectively treating his symptoms. (DUF 8.)
17       Defendant's response to Plaintiff's appeal was to have him take these
         medications to help manage his symptoms. (DUF 9.) Defendant's
18       response to the appeal also stated that although psyllium seed powder was
         no longer being prescribed, it was available for Plaintiff to purchase in the
19       prison canteen. (DUF 10.)
             Other than serving as the first level reviewer of Plaintiff's inmate
20       health care appeal SOL HC 13037467, Defendant had no medical
         encounters with Plaintiff and no involvement with his medical care or
21       treatment. (DUF 11.) Plaintiff transferred from CSP-SOL to another
         prison on April 25, 2013. (DUF 12.)
22           Luke C. Bi, M.D. is a state licensed physician who is board
         certified in gastroenterology. Dr. Bi has been in clinical practice since
23       2006 treating patients for diseases and conditions that affect the
         esophagus, stomach, small intestine, large intestine (colon), and biliary
24       system, including IBS and constipation. (DUF 13.) Dr. Bi has reviewed
         Plaintiff's medical records and the records of the inmate health care appeal
25       for which Dr. Mulligan-Pfile was the first level institutional response
         reviewer. (DUF 14.) Having done so, it is Dr. Bi's professional medical
26       opinion that Dr. Mulligan-Pfile's actions in her response to the appeal
         were reasonable and appropriate. (DUF 15.)

27

28       ECF No. 75-1, pgs. 2-4.

1

### III. DISCUSSION

2          Defendant argues she is entitled to summary judgment because the undisputed

3    facts demonstrate that she did not violate Plaintiff's rights under the Eighth Amendment. See ECF

4    No. 75-1, pg. 4. Specifically, Defendant argues (1) she cannot be liable for medical deliberate

5    indifference because she acted in an administrative review capacity; (2) she was not deliberately

6    indifferent to Plaintiff's serious medical needs because Plaintiff's disagreement with a course of

7    treatment is merely a difference of opinion that does not rise to the level of a constitutional

8    violation; and (3) she is entitled to qualified immunity. See generally ECF No. 75-1.  Because the

9    Court finds that the Defendant was not deliberately indifferent to Plaintiff's medical needs, the

10   Court does not address Defendant's qualified immunity argument.

11         **A.      Liability of Administrative Reviewers**

12         Defendant argues that she cannot be liable for medical deliberate indifference

13   under Section 1983 because she acted in an administrative review capacity and not as Plaintiff's

14   care physician. See ECF No, 75-1, pg. 7. Defendant states and Plaintiff does not dispute that

15   Defendant served as the first level reviewer of Plaintiff's inmate heath care appeal. See ECF No.

16   75-2, pg. 3. However, Defendant's assertion that a physician acting in an administrative review

17   capacity cannot be held liable for Eighth Amendment violations under 1983 is misguided.

18         Defendant relies on two[1] Ninth Circuit cases in support of her proposition that the

19   processing of administrative grievances cannot form the basis of a claim for relief under Section

20   1983. In Mann v. Adams, 855 F.2d 639 (9th Cir.1988), the Ninth Circuit held that a state's

21   unpublished policy statements establishing a grievance procedure did not create a constitutionally

22   protected liberty interest. Further, in Ramirez v. Galaza, the Ninth Circuit held that "inmates lack

23   a separate constitutional entitlement to a specific prison grievance procedure." 334 F.3d 850, 860

24   (9th Cir.2003) (citing Mann, 855 F.2d at 640).

25   / / /

26   / / /

27   _____

28         [1]      While Defendant cites Buckley v. Barlow, 997 F.2d 494 (8th Cir. 1993) as a Ninth
     Circuit case, it is an Eighth Circuit case.

6

1    <u>Mann</u> and <u>Ramirez</u> simply held that a Plaintiff has no substantive right to a prison

2    grievance system and that due process claims based on the denial of or interference with a

3    prisoner's access to a prison grievance system are not cognizable. Here, Plaintiff does not state a

4    claim against Defendant solely regarding deficiencies in the grievance process. Plaintiff claims

5    Defendant's conduct in denying his psyllium seed prescription and prescribing alternative

6    medications violated his Eighth Amendment right to adequate medical care. <u>See</u> ECF No. 1, pg.

7    5, 11. Defendant does not cite any authority suggesting that medical care provided through the

8    administrative appeal process is not subject to the protections afforded by the Eighth Amendment.

9    Accordingly, as a matter of law, Defendant's status as the first level reviewer of Plaintiff's inmate

10   health care appeal does not shield her from liability for medical deliberate indifference under

11   Section 1983.

12       **B.**    **<u>Deliberate Indifference</u>**

13       The treatment a prisoner receives in prison and the conditions under which the

14   prisoner is confined are subject to scrutiny under the Eighth Amendment, which prohibits cruel

15   and unusual punishment. <u>See</u> <u>Helling v. McKinney</u>, 509 U.S. 25, 31 (1993); <u>Farmer v. Brennan</u>,

16   511 U.S. 825, 832 (1994). The Eighth Amendment ". . . embodies broad and idealistic concepts of

17   dignity, civilized standards, humanity, and decency." <u>Estelle v. Gamble</u>, 429 U.S. 97, 102 (1976).

18   Conditions of confinement may, however, be harsh and restrictive. <u>See</u> <u>Rhodes v. Chapman</u>, 452

19   U.S. 337, 347 (1981). Nonetheless, prison officials must provide prisoners with "food, clothing,

20   shelter, sanitation, medical care, and personal safety." <u>Toussaint v. McCarthy</u>, 801 F.2d 1080,

21   1107 (9th Cir. 1986). A prison official violates the Eighth Amendment only when two

22   requirements are met: (1) objectively, the official's act or omission must be so serious such that it

23   results in the denial of the minimal civilized measure of life's necessities; and (2) subjectively,

24   the prison official must have acted unnecessarily and wantonly for the purpose of inflicting harm.

25   <u>See</u> <u>Farmer</u>, 511 U.S. at 834. Thus, to violate the Eighth Amendment, a prison official must have

26   a "sufficiently culpable mind." <u>See</u> <u>id.</u>

27   / / /

28   / / /

7

1      Deliberate indifference to a prisoner's serious illness or injury, or risks of serious

2  injury or illness, gives rise to a claim under the Eighth Amendment. See Estelle, 429 U.S. at 105;

3  see also Farmer, 511 U.S. at 837. This applies to physical as well as dental and mental health

4  needs. See Hoptowit v. Ray, 682 F.2d 1237, 1253 (9th Cir. 1982). An injury or illness is

5  sufficiently serious if the failure to treat a prisoner's condition could result in further significant

6  injury or the ". . . unnecessary and wanton infliction of pain." McGuckin v. Smith, 974 F.2d 1050,

7  1059 (9th Cir. 1992); see also Doty v. County of Lassen, 37 F.3d 540, 546 (9th Cir. 1994).

8  Factors indicating seriousness are: (1) whether a reasonable doctor would think that the condition

9  is worthy of comment; (2) whether the condition significantly impacts the prisoner's daily

10 activities; and (3) whether the condition is chronic and accompanied by substantial pain. See

11 Lopez v. Smith, 203 F.3d 1122, 1131-32 (9th Cir. 2000) (en banc).

12      The requirement of deliberate indifference is less stringent in medical needs cases

13 than in other Eighth Amendment contexts because the responsibility to provide inmates with

14 medical care does not generally conflict with competing penological concerns. See McGuckin,

15 974 F.2d at 1060. Thus, deference need not be given to the judgment of prison officials as to

16 decisions concerning medical needs. See Hunt v. Dental Dep't, 865 F.2d 198, 200 (9th Cir. 1989).

17 The complete denial of medical attention may constitute deliberate indifference. See Toussaint v.

18 McCarthy, 801 F.2d 1080, 1111 (9th Cir. 1986). Delay in providing medical treatment, or

19 interference with medical treatment, may also constitute deliberate indifference. See Lopez, 203

20 F.3d at 1131. Where delay is alleged, however, the prisoner must also demonstrate that the delay

21 led to further injury. See McGuckin, 974 F.2d at 1060.

22      Negligence in diagnosing or treating a medical condition does not, however, give

23 rise to a claim under the Eighth Amendment. See Estelle, 429 U.S. at 106. Moreover, a difference

24 of opinion between the prisoner and medical providers concerning the appropriate course of

25 treatment does not give rise to an Eighth Amendment claim. See Jackson v. McIntosh, 90 F.3d

26 330, 332 (9th Cir. 1996).

27 ///

28 ///

8

1    In the instant case, the undisputed facts do not support Plaintiff's claim that

2    Defendant was deliberately indifferent to his serious medical needs. It is undisputed that

3    Defendant chose to prescribe fiber tables, sodium docusate, and lactulose to treat Plaintiff's IBS

4    and constipation, despite Plaintiff's request for psyllium seed powder. See ECF No. 75-4, pg. 3.

5    However, "a mere difference of medical opinion...[is] insufficient, as a matter of law, to establish

6    deliberate indifference." Toguchi v. Chung, 391 F.3d 1051, 1058 (9th Cir. 2004) (citing Jackson

7    v. McIntosh, 90 F.3d 330, 332 (9th Cir.1996)). Simply showing that a course of treatment proves

8    to be ineffective, without showing that the medical professional's conduct was medically

9    unacceptable under the circumstances and chosen in conscious disregard to Plaintiff's health, does

10   not establish a claim for deliberate indifference.  See Nicholson v. Finander, 2014 WL 1407828

11   (C.D. Cal. Apr. 11, 2014) (citing Estelle, 429 U.S. at 105, and Toguchi, 391 F.3d at 1058).

12   Defendant argues, and Plaintiff does not dispute, that it was Defendant Mulligan-

13   Pfile's medical opinion that prescribing fiber tables, sodium docusate, and lactulose to manage

14   Plaintiff's symptoms was reasonable and appropriate medical care. See ECF No. 75-4, pg. 3. In

15   support of her argument, Defendant puts forth a written declaration by gastroenterology expert

16   Luke C. Bi, M.D., who indicates that Defendant's decisions were within the range of acceptable

17   treatment options for Plaintiff's condition. See generally ECF No. 75-5. In the declaration, Dr. Bi

18   states that "Docusate Sodium Caplets, Fiber Tablets and Lactulose have been shown to be

19   effective in treatment of constipation and other symptoms of IBS." Id., pg. 2. Further, Dr. Bi

20   states that "it was not inappropriate for Dr. Mulligan-Pfile to have directed Mr. Beinlick to a trial

21   of the alternative medications, and there subsequently being an effectiveness assessment, before

22   Mr. Beinlick received psyllium seed powder where it was a non-formulary medication under the

23   prison's health care administration policies." Id., pg. 3. Plaintiff has not put forth evidence

24   disputing Dr. Bi's statements in his declaration.

25   Furthermore, the undisputed facts do not support a finding that Defendant

26   prescribed fiber tables, sodium docusate, and lactulose in conscious disregard of an excessive risk

27   to Plaintiff's health. To the contrary, the undisputed evidence establishes that Defendant chose to

28   prescribe alternative medications because Plaintiff's medical records reflected that he had not

9

1 taken those medications before, psyllium seed powder was classified as a non-formulary

2 medication, and prison health care policy requires physicians to prescribe alternative formulary

3 medications before prescribing non-formulary medications. See ECF Nos. 75-5, pg. 3; 75-3, pg.

4 38; 75-4, pg. 3. To the extent Plaintiff disagrees with the treatment protocols, such a difference of

5 medical opinion does not give rise to a claim under § 1983. See Sanchez v.Vild, 891 F. 2d 240,

6 242 (9th Cir 1989); see also Jackson, 90 F.3d at 332.

7           Plaintiff fails to provide evidence establishing a genuine dispute of fact as to

8 whether Defendant's course of treatment was unreasonable, and in conscious disregard of an

9 excessive risk to his health. While Plaintiff himself may be of the opinion that psyllium seed

10 powder was the best treatment option for his condition, the Eighth Amendment does not provide a

11 right to specific treatment. See Forbes v. Edgar, 112 F.3d 262, 267 (7th Cir. 1997) ("[The

12 plaintiff] is not entitled to demand specific care).

13           Construing the undisputed evidence in the light most favorable to Plaintiff, the

14 undersigned finds no evidence to raise a triable issue of fact as to whether Defendant was

15 deliberately indifferent to Plaintiff's medical need when she prescribed fiber tables, sodium

16 docusate, and lactulose instead of psyllium seed powder.  Accordingly, the undersigned

17 recommends that Defendant's motion for summary judgment be granted.

18 / / /

19 / / /

20 / / /

21 / / /

22 / / /

23 / / /

24 / / /

25 / / /

26 / / /

27 / / /

28 / / /

10

1

## IV. CONCLUSION

2          Based on the foregoing, the undersigned recommends that Defendant's unopposed

3    motion for summary judgment, ECF No. 75, be granted.

4          These findings and recommendations are submitted to the United States District

5    Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days

6    after being served with these findings and recommendations, any party may file written objections

7    with the court.  Responses to objections shall be filed within 14 days after service of objections.

8    Failure to file objections within the specified time may waive the right to appeal.  See Martinez v.

9    Ylst, 951 F.2d 1153 (9th Cir. 1991).

10

11   Dated:  June 22, 2023

12                                              _____
                                                DENNIS M. COTA
13                                              UNITED STATES MAGISTRATE JUDGE

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

11