IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

BRIAN BEINLICK.,

       Plaintiff,

    v.

C. SMITH, et al.,

       Defendants.

No.  2:17-CV-0824-DMC-P

ORDER

Plaintiff, who is proceeding with retained counsel, brings this civil action. Pursuant to the written consent of all parties, this case is before the undersigned as the presiding judge for all purposes, including entry of final judgment.  See 28 U.S.C. § 636(c).  Pending before the Court is Defendants' motion for leave to amend their answer and for judgment on the pleadings.  See ECF No. 106.  Plaintiff has filed an opposition.  See ECF No. 112.  Defendants seek leave to amend their answer to add the affirmative defense of res judicata.  Defendants also seek judgment on the pleadings based on this new affirmative defense.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

1

## I.  BACKGROUND

### A.    State Habeas Corpus Action

On July 15, 2014, Plaintiff filed a pro se petition for a writ of habeas corpus in state court concerning the denial of psyllium seed powder.  See ECF No. 106-2, pgs. 50-185 (Exhibit 4 to Thornton Declaration).  Through counsel retained after the petition was filed, Plaintiff filed his traverse on April 9, 2015.  See id. at 187-232 (Exhibit 5 to Thornton Declaration).  In the traverse, Plaintiff acknowledged that damages were not available in the context of the state habeas action and added: "Nonetheless, Mr. Beinlick has chosen to proceed in state habeas court because he is not seeking damages – he merely seeks a non-formulary prescription for psyllium seed powder."  On August 10, 2016, the state court issued an opinion granting the petition and directing that a writ issue ordering prison officials to provide psyllium seed powder.  See id. at 265-77 (Exhibit 9 to Thornton Declaration).  In particular, the court determined that the denial of psyllium seed powder violated Plaintiff's rights under the Eighth Amendment.  See id.

### B.    Federal Civil Rights Action

Plaintiff initiated this action with a pro se complaint filed on April 19, 2017.[1] See ECF No. 1.  Plaintiff alleges that he was diagnosed with irritable bowel syndrome in 1996 prior to his incarceration and prescribed psyllium seed powder by a gastroenterologist to manage and prevent his symptoms.  See id. at 9.  Plaintiff claims that, after his incarceration, prison officials refused to provide him the prescribed psyllium seed powder despite their knowledge that such medication was the only way to effectively treat his condition.  See id. at 10.  Plaintiff asserts that Defendants were thus deliberately indifferent to his serious medical needs.  See id. at 5.

/ / /

/ / /

/ / /

---

[1]    Retained counsel was substituted in place of Plaintiff pro se on December 21, 2018.  See ECF No. 23.

2

After Defendants' motion to dismiss was denied, see ECF No. 35, Defendants filed their answer on September 5, 2019, see ECF No. 37.  In the answer, Defendants assert the following affirmative defenses: (1) qualified immunity; (2) lack of injury; (3) lack of facts establishing entitlement to punitive damages; (4) immunity from damages for official capacity conduct; (5) failure to mitigate damages; (6) Plaintiff's own conduct contributed to his damages; (7) lack of showing of physical injury to sustain claims for mental or emotional damages; and (8) failure to exhaust administrative remedies.  See id. at 15-16.

On February 8, 2021, Defendants filed a motion for summary judgment based on lack of exhaustion as to certain claims and defendants.  See ECF No. 53.  The District Judge granted the motion on February 15, 2022, leaving the action proceeding on Plaintiff's original complaint as against Defendant Pfile only.  See ECF No. 66.  Defendant Pfile then filed a motion for summary judgment on the merits on February 28, 2023.  See ECF No. 75.  The motion was granted by the District Judge on August 25, 2023, and final judgment was entered the same day.  See ECF Nos. 80 and 81.

Plaintiff appealed and, on February 6, 2025, the Ninth Circuit issued a decision affirming in part, reversing in part, and remanding for further proceedings.  See ECF No. 89. Following return of jurisdiction upon issuance of the appellate court's mandate, the Court held a scheduling conference on August 20, 2025.  See ECF No. 102 (minutes).  Following the conference, but before a scheduling order issued, the parties consented to Magistrate Judge jurisdiction and the matter was reassigned.  See ECF No. 104.  On January 8, 2026, the Court approved the parties' stipulation to vacate dates discussed at the August 20, 2025, scheduling conference pending resolution of Defendants' motion for leave to amend their answer and for judgment on the pleadings.  See ECF No. 117.

/ / /

/ / /

/ / /

/ / /

/ / /

3

## II.  DISCUSSION

Defendants seek leave to amend their answer to include the affirmative defense of res judicata.  See ECF No. 106-1.  Defendants also move for judgment on the pleadings based on this newly asserted defense, arguing that the state habeas corpus judgment precludes the current federal civil rights action.  See id.

As a preliminary matter, Defendants argue that leave to amend should be freely granted to allow addition of the res judicata affirmative defense.  See id.  Conversely, Defendants argue that leave to amend is not necessary because they may assert res judicata at any time even if not asserted in their answer as an affirmative defense.  See id.  Thus, the threshold question is whether leave to amend the answer should be granted.  If the answer is amended, then the res judicata defense is preserved in the amended answer and the Court should next turn to the merits of the motion for judgment on the pleadings based on res judicata.  If the answer is not amended, the next question is whether the res judicata defense has been waived because it was not asserted in Defendants' original answer.  If the defense has been waived, the res judicata defense is not properly before the Court and Defendants' motion for judgment on the pleadings should be denied.

The Federal Rules of Civil Procedure provide that a party may amend his or her pleading once as a matter of course within 21 days of serving the pleading or, if the pleading is one to which a responsive pleading is required, within 21 days after service of the responsive pleading, see Fed. R. Civ. P. 15(a)(1)(A), or within 21 days after service of a motion under Rule 12(b), (e), or (f) of the rules, whichever time is earlier, see Fed. R. Civ. P. 15(a)(1)(B).  In all other situations, a party's pleadings may only be amended upon leave of court or stipulation of all the parties. See Fed. R. Civ. P. 15(a)(2).  Here, more than 21 days have passed since Defendants' original answer was served and filed in September 2019.  Thus, leave of court is required in order to amend the answer.

///

///

///

4

Where leave of court to amend is required and properly sought, the Court considers the following factors: (1) whether there is a reasonable relationship between the original and amended pleadings; (2) whether the grant of leave to amend is in the interest of judicial economy and will promote the speedy resolution of the entire controversy; (3) whether there was a delay in seeking leave to amend; (4) whether the grant of leave to amend would delay a trial on the merits of the original claim; and (5) whether the opposing party will be prejudiced by amendment.  See Jackson v. Bank of Hawai'i, 902 F.2d 1385, 1387 (9th Cir. 1990).

In this case, both delay and prejudice weigh against granting leave to amend Defendants' answer.  As to delay, Defendants were aware of the prior state habeas corpus judgment at the time they filed their original answer in 2019.  Defendants have provided no explanation as to why they waited until over six years later to raise the res judicata defense based on this prior judgment.  Additionally, Plaintiff would be severely prejudiced if amendment is permitted at this juncture of the proceedings long after the case became at issue in 2019, after discovery has been conducted, after two motions for summary judgment, after a Ninth Circuit remand in Plaintiff's favor, and after expenditure of considerable expense by Plaintiff's retained counsel in prosecuting this action.  The Court, therefore, finds that leave to amend the answer to include a res judicata defense is not appropriate and will deny Defendants' motion for leave to amend.

The next question is whether Defendants may nonetheless raise the res judicata defense even though it was not preserved in their original answer.  Traditionally, affirmative defenses are waived if not raised in a party's answer.  Defendants correctly note that the Ninth Circuit has liberalized the requirement that affirmative defenses are waived if not raised in the answering pleading.  See Owens v. Kaiser Found. Health Plan, Inc., 244 F.3d 708, 712–13 (9th Cir. 2001).  This liberalized view, however, requires that any delay in raising the affirmative defense be explained and not result in prejudice to the plaintiff.  See id. at 713; see also Magana v. Com. of the N. Mariana Islands, 107 F.3d 1436, 1446 (9th Cir. 1997).  Here, as discussed above, Defendants have not provided any explanation for the six-year delay and prejudice would result should the Court permit Defendants to now assert the res judicata defense.  The

5

Court, therefore, finds that the res judicata defense has been waived and will deny Defendants' motion for judgment on the pleadings.

### III.  CONCLUSION

In essence, Defendants contend that Plaintiff is attempting piecemeal litigation, first with a habeas petition in state court which could only result in injunctive relief, followed by this civil rights action for damages on the same issue – whether denial of psyllium seed powder denied Plaintiff his rights under the Eighth Amendment.  Defendants themselves, however, are attempting to engage in the same kind of piecemeal litigation by litigating the case first on the issue of exhaustion, then on the merits, and now on an affirmative defense which they were aware of since the inception of the case but only raise for the first time following an unfavorable decision from the appellate court.  Given that Plaintiff initiated both the state habeas corpus action and this civil rights action while pro se, it is understandable that Plaintiff might not have been aware of the nuances of the intersection of habeas corpus and civil rights law.  The same cannot be said for Defendants in this case, who are represented by the California Attorney General who also defended in the state habeas corpus action.  Notably, Defendants have not offered any explanation as to why they did not preserve the res judicata defense in their initial answer filed in 2019 despite knowledge of the basis for the defense since the inception of this action.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

Accordingly, IT IS HEREBY ORDERED as follows:

1.      Defendants' motion for leave to amend their 2019 answer and for judgment on the pleadings based on res judicata, ECF No. 106, is DENIED.

2.      This matter is set for a further scheduling conference before the undersigned on May 27, 2026, at 10:00 a.m., via Zoom.

3.      The parties shall meet and confer and file an updated joint scheduling conference statement on or before May 20, 2026.


Dated:  April 17, 2026

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE

7